## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## EASTERN DIVISION

RASHARD OWENS                                                    **PLAINTIFF**

**v.**                            **CIVIL ACTION NO. 2:21-CV-140-KS-MTP**

**PEARL RIVER COMMUNITY COLLEGE,** *et al.*          **DEFENDANTS**


### ORDER

For the reasons provided below, the Court **denies** Plaintiff's Motion for Continuance of Hearing and Emergency Relief Due to Decreased Health [60].

### A.   *Background*

Plaintiff initiated these proceedings by filing an 82-page Complaint [1] on October 25, 2021. The Court granted [3] his Motion for Leave to Proceed In Forma Pauperis [2], and the United States Marshals served or attempted to serve process on thirteen Defendants [5] [6] [7] [8] [9] [10] [11] [12] [13] [14] [15] [16] [22].

On December 21, 2021, Plaintiff filed a Motion to Stay [24], asking the Court to stay this case indefinitely. Plaintiff alleged that he had been physically and mentally incapacitated for the previous 25 months, despite having drafted and filed an 82-page Complaint [1].

On December 29, 2021, Defendants filed two Motions to Dismiss [25] [27] , and the Court set a briefing schedule [29]. On January 3, 2022, Defendants filed a Response [31] to Plaintiff's Motion to Stay [24], opposing it.

On January 3, 2022, Plaintiff filed two Motions to Seal [32] [33], which the

Court denied [34] for various reasons. On January 5, 2022, Plaintiff filed a Motion for Leave for Additional Time to File Amended Complaint [35], which the Court denied without prejudice [37]. Plaintiff also filed a Motion to Seal [36] the memorandum of law and exhibits supporting the denied motion, which the Court granted [37].

On January 12, 2022, Plaintiff filed six more motions [39] [40] [41] [42] [43] [44]. First, he filed a Motion for Leave to File a Reply [39] to Defendants' response [31] in opposition of his motion to stay, seeking additional time to reply. Second, Plaintiff filed a Motion to Issue Summons [40] and to order the United States Marshals to serve process on Defendant Pearl River Community College. Third, Plaintiff filed a Motion for Additional Time to File Amended Complaint [41], asking the Court to stay the case until July 11, 2022, and to extend his time to amend until then. Fourth, Plaintiff filed a Motion to Seal [42] certain exhibits that he wished to file in support of his Motion to Stay [24]. Fifth, Plaintiff filed a Motion for Extension of Time to Respond [43] to Defendants' motions to dismiss until July 11, 2022. Sixth, Plaintiff filed a Motion to Seal [44] certain exhibits to his Motion for Leave for Extension of Time to Respond [43].

Defendants opposed [45] [46] [47] Plaintiff's Motion for Additional Time to File Amended Complaint [41] and Motion for Extension of Time to Respond [43].

On January 18, 2022, the Court granted [48] Plaintiff's Motion for Extension of Time to Respond [43] in part, extending Plaintiff's deadline to respond to Defendants' Motions to Dismiss [25] [27] to February 2, 2022. The Court also denied

Plaintiff's Motion to Seal [44] certain exhibits to his Motion for Extension of Time to Respond [43].

On February 2, 2022, Plaintiff filed another Motion for Extension of Time to Respond [49] to Defendants' Motions to Dismiss [25] [27]. Once again, Plaintiff alleged that he was physically and mentally incapacitated, despite his prolific filings in this case. On February 7, 2022, The Court entered a Text Order holding briefing in abeyance until a hearing could be held on Plaintiff's second Motion for Extension of Time to Respond [49]. On February 10, 2022, the Court entered an Order [51] setting a hearing for February 24, 2022. The Court instructed the parties to be prepared to present any argument or evidence they wished to present on Plaintiff's second Motion for Extension of Time to Respond [49].

On February 17, 2022, Plaintiff had a subpoena [52] issued for a witness for the hearing, and on February 18, 2022, he filed the return [53] of the executed subpoena.

On February 22, 2022 – less than forty-eight hours before the scheduled hearing – Plaintiff filed a Motion to Continue [54]. He argued that he could not appear, citing the same alleged physical and mental conditions that he has repeatedly claimed prevent him from responding to Defendants' Motions to Dismiss [25] [27] and otherwise pursuing this litigation.

On February 23, 2022, the Court denied [55] the Motion to Continue [54]. The Court noted that despite claiming to be incapacitated, Plaintiff had actively pursued

this case, filing multiple documents and motions with the Court over a few months. The Court also noted that Plaintiff had subpoenaed a witness for the hearing.

On February 24, 2022, the Court commenced a hearing on Plaintiff's Motion for Extension of Time to Respond [49]. Plaintiff called one witness, his mother, and he spent approximately three and a half hours questioning her. Defendant cross-examined her for approximately 5-10 minutes. The Court adjourned and set the hearing to continue on March 8, 2022, at 1:00 p.m. The Court subsequently entered an Order [56] limiting Plaintiff to only two more witnesses and imposing certain time limits on the parties.

On March 4, 2022, Plaintiff filed a Motion for Continuance of Hearing and Emergency Relief Due to Decreased Health [60], which the Court now addresses.

**B.**   ***Discussion***

Once again, Plaintiff claims that he is physically and mentally incapacitated. In addition to his previous alleged maladies, Plaintiff now claims that he experienced an allergic reaction to certain medication. He claims that the medication compromised his immune system, preventing him from entering a public place. He requests a continuance of at least six weeks, but also asserts that he might want more time later.

First, Plaintiff stated: "Defendants were granted extra time twice to respond, reply and/or file its responsive pleadings without approval of Plaintiff," and he said that he "desires the same be afforded to him . . . ." To the extent Plaintiff implies that

Defendants have been afforded special treatment that he has not, he is mistaken. Plaintiff is correct that the Court granted Defendants two extensions of time to answer Plaintiff's complaint. This is common in litigation, particularly in cases with lengthy, convoluted complaints, such as this one.

Regardless, once Defendants filed Motions to Dismiss [25] [27], their deadline to answer was automatically extended to fourteen days after the Court addresses the motions to dismiss. *See* FED. R. CIV. P. 12(a)(4). Moreover, Plaintiff's responses to Defendants' motions to dismiss were initially due on or before January 12, 2022. The Court extended the deadline to February 2, 2022, and eventually suspended briefing to address Plaintiff's claims of incapacity. At this point, Plaintiff will have effectively received at least two extra months to respond to the Motions to Dismiss [25] [27], and, as noted above, Defendants are not required to answer the complaint until after the Court has addressed their Motions to Dismiss [25] [27]. *See* FED. R. CIV. P. 12(a)(4).

Next, the letter Plaintiff provided in support of his motion, from Portia Harris, a doctor at the Hattiesburg Clinic Arthritis Center, does not say anything about a compromised immune system. Rather, it says that Plaintiff "has been unable to ambulate do [sic] to increased joint pain and swelling . . . ." Exhibit 1 [60-1], at 2. Second, the letter does not say that Plaintiff needs a six-week continuance. Rather, it says that Plaintiff "will need to be excused from his obligations . . . from February 25 to March 11." *Id.*

Plaintiff has repeatedly claimed that he is both physically and mentally

5

incapacitated, and each time he repeats this claim, the description of his alleged health conditions becomes more extreme. Despite this stream of escalating allegations, Plaintiff has repeatedly filed documents with the Court. *See* [24], [32], [33], [35], [36], [39], [40], [41], [42], [43], [44], [49], [54], [60]. He has also subpoenaed witnesses and documents [52] [61] [62] [63] and served subpoenas [53] [65] [66] [67]. The Court notes that for Plaintiff to initiate this litigation, file documents, and request that the Court issue subpoenas, he has had to come to the Clerk's office in person each time. Likewise, to serve a subpoena, he must do so in person.

The Court also observed Plaintiff at the hearing of February 24, 2022. Despite claiming to be physically incapacitated, the Court observed that Plaintiff was mobile, ambulatory, and easily able to move into and around the courtroom. Although Plaintiff carried a walking cane, the Court never observed him using it. Additionally, despite claiming to be mentally incapacitated, the Court observed that Plaintiff was coherent, articulate, and relatively well-prepared. Plaintiff knew what was going on and understood the responses to his questions provided by the witness. He also demonstrated that he possesses the ability to respond to Defendants' objections and adapt to the Court's rulings. Indeed, despite repeatedly claiming that he is physically and mentally incapacitated, Plaintiff stood in the courtroom and questioned a witness for approximately 3.5 hours, with only two brief 5-10 minute recesses. He neither appeared tired nor to be suffering from pain.

Therefore, the Court **denies** Plaintiff's latest Motion for a Continuance [60].

The continued hearing will reconvene at 1:00 p.m. on March 8, 2022, in Courtroom 1 of the William H. Colmer Federal Building in Hattiesburg, Mississippi. The Court advises the parties to take note of the time limitations imposed by the Court's previous Order [56].

The Court also reminds Plaintiff that he initiated this litigation by filing a Complaint [1], which invokes this Court's authority to order Defendants to appear and answer, requires the Court to expend resources to serve process on over a dozen parties, and now requires all parties involved to expend resources on ancillary scheduling issues that have no bearing on the merits of the case. If Plaintiff does not want to be in this Court, the Rules of Civil Procedure provide him a method to seek the voluntary termination of these proceedings. *See* FED. R. CIV. P. 41(a). But if Plaintiff wants to pursue this case, he must comply with the Court's procedural rules and scheduling orders, like every other litigant.

SO ORDERED AND ADJUDGED this 8th day of February, 2022.

_/s/    Keith Starrett_
KEITH STARRETT
UNITED STATES DISTRICT JUDGE