**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**RASHARD OWENS**                                                           **PLAINTIFF**

**v.**                                   **CIVIL ACTION NO. 2:21-CV-140-KS-MTP**

**PEARL RIVER COMMUNITY COLLEGE,** *et al.*                 **DEFENDANTS**

<u>**MEMORANDUM OPINION AND ORDER**</u>

This cause comes before the Court on all pending motions in this action, each of which will be addressed and ruled upon herein. Be advised, that this Order contains rulings on the Defendants' Motions to Dismiss, but also affords Plaintiff an opportunity to seek leave to amend his Complaint with a proper motion. Should Plaintiff decide to do so, Plaintiff is well advised to take guidance from the rulings contained herein when drafting his proposed amended pleading that must be attached to any future motion.

Before addressing the motions, the Court will begin with a brief background and procedural history of this case.

**I. BACKGROUND**

Plaintiff was a student at Defendant Pearl River Community College ("PRCC"). He alleges that he suffers from Asperger's Syndrome, as well as numerous other mental and physical conditions, and that the school violated his constitutional rights and committed various torts by discriminating against him, harassing him, and retaliating against him. Plaintiff initiated these proceedings on October 25, 2021,

by filing an 82-page Complaint [1] against PRCC and various school officials in their official and individual capacities.

Despite having not yet entered the discovery phase, the procedural history of this case is convoluted. The Court granted [3] Plaintiff's Motion for Leave to Proceed In Forma Pauperis [2], and the United States Marshals served or attempted to serve process on thirteen Defendants [5] [6] [7] [8] [9] [10] [11] [12] [13] [14] [15] [16] [22].

On December 21, 2021, Plaintiff filed a Motion to Stay Proceedings [24], asking the Court to stay this case indefinitely. Plaintiff alleged that he had been physically and mentally incapacitated for the previous 25 months, despite having drafted and filed an 82-page Complaint [1].

On December 29, 2021, Defendants filed two Motions to Dismiss [25] [27], and the Court set a briefing schedule [29]. On January 3, 2022, Defendants filed a Response [31] to Plaintiff's Motion to Stay [24], opposing it.

On January 3, 2022, Plaintiff filed two Motions to Seal [32] [33], which the Court denied [34] for various reasons. On January 5, 2022, Plaintiff filed a Motion for Leave for Additional Time to File Amended Complaint [35], which the Court denied without prejudice [37]. Plaintiff also filed a Motion to Seal [36] the memorandum of law and exhibits supporting the denied motion, which the Court granted [37].

On January 12, 2022, Plaintiff filed six more motions [39] [40] [41] [42] [43] [44]. First, he filed a Motion for Leave to File a Reply [39] to Defendants' response [31] in opposition of his Motion to Stay, seeking additional time to reply. Second, Plaintiff filed a Motion to Issue Summons [40] and to order the United States

2

Marshals to serve process on Defendant Pearl River Community College. Third, Plaintiff filed a Motion for Additional Time to File Amended Complaint [41], asking the Court to allow him until July 11, 2022 to amend his Complaint and urging the Court to grant his original Motion to Stay. Fourth, Plaintiff filed a Motion to Seal [42] certain exhibits that he wished to file in support of his Complaint and possibly his Motion to Stay [24]. Fifth, Plaintiff filed a Motion for Extension of Time to Respond [43] to Defendants' motions to dismiss until July 11, 2022. Sixth, Plaintiff filed a Motion to Seal [44] certain exhibits to his Motion for Leave for Extension of Time to Respond [43]. Defendants opposed [45] [46] [47] Plaintiff's Motion for Additional Time to File Amended Complaint [41] and Motion for Extension of Time to Respond [43].

On January 18, 2022, the Court granted [48] Plaintiff's Motion for Extension of Time to Respond [43] in part, extending Plaintiff's deadline to respond to Defendants' Motions to Dismiss [25] [27] to February 2, 2022. The Court also denied Plaintiff's Motion to Seal [44] certain exhibits to his Motion for Extension of Time to Respond [43].

On February 2, 2022, Plaintiff filed another Motion for Extension of Time to Respond [49] to Defendants' Motions to Dismiss [25] [27]. Once again, Plaintiff alleged that he was physically and mentally incapacitated, despite his prolific filings in this case. On February 7, 2022, the Court entered a Text Order holding briefing in abeyance until a hearing could be held on Plaintiff's second Motion for Extension of Time to Respond [49]. On February 10, 2022, the Court entered an Order [51] setting a hearing for February 24, 2022. The Court instructed the parties to be prepared to

3

present any argument or evidence they wished to present on Plaintiff's second Motion for Extension of Time to Respond [49].

On February 17, 2022, Plaintiff had a subpoena [52] issued for a witness for the hearing, and on February 18, 2022, he filed the return [53] of the executed subpoena.

On February 22, 2022 – less than forty-eight hours before the scheduled hearing – Plaintiff filed a Motion to Continue [54]. He argued that he could not appear, citing the same alleged physical and mental conditions that he has repeatedly claimed prevent him from responding to Defendants' Motions to Dismiss [25] [27] and otherwise pursuing this litigation.

On February 23, 2022, the Court denied [55] the Motion to Continue [54]. The Court noted that despite claiming to be incapacitated, Plaintiff had actively pursued this case, filing multiple documents and motions with the Court over a few months. The Court also noted that Plaintiff had subpoenaed a witness for the hearing.

On February 24, 2022, the Court commenced a hearing on Plaintiff's Motion for Extension of Time to Respond [49]. Plaintiff called one witness, his mother, and he spent approximately three and a half hours questioning her. Defendant cross-examined her for approximately 5-10 minutes. The Court adjourned and set the hearing to resume on March 8, 2022 at 1:00 p.m. The Court subsequently entered an Order [56] limiting Plaintiff to only two more witnesses and imposing certain time limits on the parties.

On March 4, 2022, Plaintiff filed a Motion for Continuance of Hearing and Emergency Relief Due to Decreased Health [60]. On the same day, he filed three Notices [61] [62] [63] of his intent to serve subpoenas and their executed returns [65] [66] [67]. On the morning of March 8, 2022 – the day the Court had set to continue the hearing on Plaintiff's Motion for Extension of Time to Respond [49] – Plaintiff filed a Notice [68] that he would be absent from the hearing, alleging the same mental and physical infirmities as in his previous filings.

In an Order [69] entered on the morning of March 8, 2022, the Court denied Plaintiff's Motion for a Continuance of Hearing and Emergency Relief Due to Decreased Health [60]. The Court related the lengthy procedural history of this matter and addressed Plaintiff's arguments one-by-one. Among other things, the Court noted that Plaintiff has repeatedly filed with the Court documents, many of which are lengthy, despite claiming to be mentally and physically incapacitated. *See* [24], [32], [33], [35], [36], [39], [40], [41], [42], [43], [44], [49], [54], [60]. The Court also noted Plaintiff's subpoenas, s*ee* [52], [53], [61], [62], [63], [65], [66], [67], and his performance at the hearing of February 24, 2022. All these factors directly and decisively contradict Plaintiff's claims of incapacity.

On the afternoon of March 8, 2022, the Court resumed the hearing on Plaintiff's Motion for Extension of Time to Respond [49]. Plaintiff did not appear. The Court denied Plaintiff's Motion for Continuance [49] in a bench ruling, and later entered a written Order [70], which also denied Plaintiff's Motion for Extension of Time to Respond to the Motions to Dismiss and set a briefing schedule on Defendants'

Motions to Dismiss [25] [27]. Plaintiff never filed a response to Defendants' motions.

## II. DISCUSSION

This case has been pending for six months, and it is time to get affairs in order. Based on the Court's prior rulings, there will be no unnecessary delays, and the parties shall work expeditiously to get the pleadings closed in this matter so that discovery may begin. To facilitate this effort, the Court now rules on all currently pending motions as follows:

### A. Motion to Stay Proceedings [CM/ECF Doc. No. 24]

In this motion, filed on December 21, 2021, Plaintiff seeks an open-ended stay of the proceedings until such time "that Plaintiff's physical and mental health support the rigor and return of representing himself most effectively." [24] at p. 1. The Court cannot manage its docket with open-ended stays in place. There are rules and deadlines necessary to serve the purposes of both the Federal Rules of Civil Procedure and our Local Rules. *See* Fed. R. Civ. P. 1 ("[These Rules] should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding."); L.U. Civ. R. 1 ("The underlying principle of the Rules is to make access to a fair and efficient court system available and affordable to all citizens."). In addition, "federal courts are vested with the inherent power 'to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Woodson v. Surgitek, Inc.*, 57 F.3d 1406, 1417 (5th Cir. 1995) (quoting *Link v. Wabash R. Co.*, 370 U.S. 626, 630 (1962).

The numerous motions and requests for stays and continuances are not helping this proceeding to be speedy, efficient, or inexpensive; they are prolonging the matter. Again, although pending for six months, this case has not even reached the discovery stage. For the reasons stated in the Court's Order [69], this motion is DENIED, and to the extent the case *has* proceeded, it is moot.

### B. Motion for Leave to File a Reply to Individual Defendants' Response to Plaintiff's Motion to Stay Proceedings [CM/ECF Doc. No. 39].

Because the Motion to Stay Proceedings has been denied, this motion is denied as moot. Notwithstanding, the Court would like to point out that after the Defendants filed their response to Plaintiff's Motion to Stay on January 3, 2022, under the Local Rules Plaintiff had seven (7) days to file a response as a matter of right. *See* L.U.Civ.R. 7(b)(4). However, rather than file a response on the seventh day, on January 10, 2022, Plaintiff *sought leave* to file a reply. Plaintiff should be mindful of the deadlines and procedures in the Local Rules and file a response or reply rather utilizing court resources and time in seeking unnecessary extensions and leave.

### C. Motion to Dismiss (Official Capacity) [CM/ECF Doc. No. 25]

The individual Defendants filed a Motion to Dismiss [25] Plaintiff's claims against them in their official capacities. To survive a motion to dismiss under Rule 12(b)(6), the "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Great Lakes Dredge & Dock Co. LLC v. La. State*, 624 F.3d 201, 210 (5th Cir. 2010). "To be plausible, the complaint's factual allegations must be enough to raise a right to relief above the speculative

level." *Id.* (punctuation omitted). The Court must "accept all well-pleaded facts as true and construe the complaint in the light most favorable to the plaintiff." *Id.* But the Court will not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Id.* Likewise, "a formulaic recitation of the elements of a cause of action will not do." *PSKS, Inc. v. Leegin Creative Leather Prods., Inc.*, 615 F.3d 412, 417 (5th Cir. 2010) (punctuation omitted). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S. Ct. 1937, 1950, 173 L. Ed. 2d 868 (2009).

### 1.   42 U.S.C. § 1983

Plaintiff has alleged several constitutional violations and seeks redress through 42 U.S.C. § 1983. Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." *Baker v. McCollan*, 443 U.S. 137, 144, n. 3 (1979). The Individual Defendants argue that, in their official capacities, that they cannot be liable under Section 1983   because they are not "persons" within the meaning of the statute, and, therefore, the Court should dismiss Plaintiffs' constitutional claims asserted under § 1983.

Defendants are correct that "neither a state nor [its employees] acting in their official capacities are 'persons' under § 1983, though state officials in their official capacities, when sued for injunctive relief, are 'persons' under § 1983." *Stotter v. Univ. of Tex. at San Antonio*, 508 F.3d 812, 821 (5th Cir. 2007). (quoting *Will v. Mich. State Dep't of Police*, 491 U.S. 58, 71 n. 10 (1989)). The Fifth Circuit has applied this

principle to state universities, deeming them "arms of the state" and, therefore, "not 'persons' under § 1983." *Id.*; *see also Klingler v. Univ. of S. Miss.*, 612 Fed. App'x 222, 226 (5th Cir. 2015).

Therefore, Plaintiff's Section 1983 claims against Defendants in their official capacities are barred insofar as Plaintiff seeks economic damages or other retrospective relief.[1] *See Med RX/Sys., PLLC v. Tex. Dep't of State Health Servs.*, 633 F. App'x 607, 610 (5th Cir. 2016). This applies to Plaintiff's § 1983 claims for alleged violations of the First Amendment, the Fourteenth Amendment's due process clause, and the Fourteenth Amendment's equal protection clause. Thus, as to this Count, the Defendant's motion is GRANTED, and the claims are dismissed with prejudice.[2]

## 2. Rehabilitation Act (29 U.S.C. § 794)

"To state a claim under the Rehabilitation Act, 'a plaintiff must allege that the specific program or activity with which he or she was involved or receives or directly benefits from federal financial assistance.'" *Block v. Tex. Bd. of Law Examiners*, 952 F.3d 613, 619 (5th Cir. 2020) (quoting *Taylor v. City of Shreveport*, 798 F.3d 276, 283 (5th Cir. 2015)). Defendants argue that Plaintiff failed to specifically allege in his Complaint the specific program or activity that he was involved in that receives federal financial assistance. In his Complaint, Plaintiff includes the definition of program or activity, which includes "a college, university, or other post-secondary institution, or a public system of higher education." [1] at p. 69; 29 U.S.C. § 794

---

[1] The request for injunctive relief will be addressed *infra*.
[2] To the extent the Court previously explained that Plaintiff properly stated claims for constitutional violations, the question is simply who the proper Defendants are. These Defendants in their official capacities are not the proper Defendants.

(b)(2)(A). Plaintiff pleads that the program he was denied participation in is the practical nursing program at PRCC. [1] at p. 71. This was sufficient. However, the allegation regarding federal funding is important because a state entity only waives sovereign immunity under § 504 of the Rehabilitation Act by accepting federal financial assistance. *See Block*, 952 F.3d at 619. The Court has reviewed the Complaint and fails to see such an allegation. Because Plaintiff did not allege that PRCC receives federal funds, this claim must be dismissed. Therefore, in this regard, the motion is GRANTED, and the claims are dismissed without prejudice.

Defendants further argue that the Complaint fails to plead a *prima facie* case in that Plaintiff fails to allege that he was dismissed from PRCC based solely on his disability or that the dismissal amounted to intentional discrimination. Defendants' argument is flawed in that dismissal is not the only form of discrimination that is actionable. While dismissal may encompass "exclu[sion] from the participation in" the nursing program at PRCC, the Rehabilitation Act also provides that one with a disability shall not" be denied the benefits of a program or activity" or "be subjected to discrimination" under the program or activity. 29 U.S.C. § 794(a). At this stage the Court must accept all well pleaded facts as true, and the Court finds the Complaint is replete with facts, although not listed under each specific count, that could be viewed as alleged intentional discrimination based on Plaintiff's disability. *See e.g.,* [1] at pp. 23, 32. Therefore, on these grounds, the motion is DENIED.

### 3.   42 U.S.C. § 12132 of Americans with Disabilities Act ("ADA")

"To establish a prima facie case of discrimination under the ADA, [a plaintiff] must show (1) he is a 'qualified individual' under the ADA; (2) he was excluded from participation in, or denied the benefits of, services, programs, or activities for which [a public entity] is responsible; and (3) the exclusion was by reason of disability." *Block v. Texas Bd. of L. Examiners*, 952 F.3d 613, 618 (5th Cir. 2020) (citing *Melton v. Dall. Area Rapid Transit*, 391 F.3d 669, 671–72 (5th Cir. 2004)).

The Defendants argue that Plaintiff has failed to show that his dismissal from PRCC was because of his disability. Again, however, dismissal, i.e., "exclusion," is not the only alleged violation of the ADA. The facts alleged indicate that Plaintiff claims to have been "denied the benefits of" the program. There are allegations regarding discrimination in testing and grading in addition to dismissal from the program. Being required to accept these allegations as true, and assuming Plaintiff's alleged disabilities make him a qualified individual under the ADA, the Court finds that the Complaint has sufficiently stated a claim for a violation of the ADA.

Defendants also contend that Plaintiff fails to adequately state a claim for harassment based on a disability under the ADA. To properly assert such a claim, a plaintiff must allege: "(1) [he] was an individual with a disability; (2) he was harassed based on his disability; (3) the harassment was sufficiently severe or pervasive that it altered the condition of his education and created an abusive educational environment; (4) [the] defendant knew about the harassment; and (5) [the] defendant was deliberately indifferent to the harassment." *J.G. v. Bryan Indep. Sch. Dist.*, No.

11

CV H-18-340, 2019 WL 3431274, at *9 (S.D. Tex. July 12, 2019); *Doe v. Columbia-Brazoria Indep. Sch. Dist.*, 855 F.3d 681, 690 (5th Cir. 2017) (quoting *Estate of Lance v. Lewisville Indep. Sch. Dist.*, 743 F.3d 982, 996 (5th Cir. 2014)). The Court finds that the allegations contained in the opening allegations common to all counts sufficiently states an ADA harassment claim. [1] at pp. 18, 19. Plaintiff complains that students made threats and called him names in class and instructors failed to intervene and that he was ridiculed, taunted, and yelled at in class, as well as being belittled and criticized for using and needing accommodations based on his disability. *See id*; *see also* pp. 37-38. Plaintiff also alleges that he made complaints of the incidents of discrimination, ridicule, and harassment and reported such incidents "up the chain of command" at PRCC. [1] at pp. 7, 27, 28. These are sufficient to state a claim for harassment under the ADA. In this regard, the motion is DENIED.

Finally, "the ADA also protects individuals from retaliation for opposing any act that is illegal under the ADA." *Jones v. S. Univ.*, No. CV 18-1034, 2020 WL 1431722, at *7 (M.D. La. Mar. 3, 2020), report and recommendation adopted, No. CV 18-1034, 2020 WL 1433529 (M.D. La. Mar. 23, 2020), aff'd, 834 Fed. App'x 919 (5th Cir. 2020). Defendants argue that Plaintiff has failed to state a claim for retaliation under the ADA.

In order state a claim, a plaintiff must allege (1) that he engaged in a protected activity; (2) he suffered an adverse reaction; and (3) a causal connection between the two. *See id.* The Court finds that Plaintiff has sufficiently alleged that he reported incidents of harassment and failure to accommodate his disability and that he

suffered retaliation in several forms, including being falsely accused in certain incidents, which was alleged pretext for eventually being dismissed from the nursing program because of his disability. [1] at pp. 7, 19, 20, 27, 28, 46. Based on the foregoing, the Defendant's motion regarding the ADA claims is DENIED.

### 4.   42 U.S.C. § 2000d

Section 601 of Title VI of the Civil Rights Act states: "No person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 42 U.S.C. § 2000d. Plaintiff gives a succinct summary of his claim in his "Preliminary Introduction," when he states that PRCC "has allowed the egregious cultivation of occurrence[s] that are now exposed as disability discrimination, disability harassment, [and] unmerited retaliation due to Plaintiff's whistleblowing regarding [PRCC's] disability violations . . . ." [1] at pp. 2-3. Although the gravamen of Plaintiff's Complaint is that he was discriminated and retaliated against because of his disability, Plaintiff has also included specific allegations concerning times that he, a black student, was treated differently than white students. [1] at 8, 42-43, 57, 77. These are sufficient to state a claim, and Defendants' Motion as to the Title VI claim is DENIED.

### 5.   20 U.S.C. § 1681

This cause of action relates solely to sex discrimination. The statute plainly reads, "No person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any

education program or activity receiving Federal financial assistance." 20 U.S.C.A. § 1681. Even in this specific count, Plaintiff continues to complain of disability discrimination. [1] at p. 72. To the extent, Plaintiff is attempting to bring disability discrimination claims under this statute, he fails to state a claim.

Plaintiff does, however, go on to include facts relating to an incident involving his use of a female body part for catherization during a lab session. [1] at p. 73. Plaintiff alleges that had the simulation been done by a female it would not have been disruptive. While it is uncertain what the "discrimination" was in this instance, regardless, this allegation alone would be insufficient to state a claim. Plaintiff also claims he was treated less favorably than female students, reciting an incident where a female student called him a derogatory name but suffered no recourse. Again, that allegation alone may be insufficient. However, Plaintiff does go on to state that he is aware that female nurses who had missed numerous days were allowed to return or maintain enrollment in the program and were also given additional time to make up assignments and prepare for exams, yet Plaintiff, who is male, was not. [1] at p. 74. At this stage of the proceedings, the Court finds that, albeit tenuous, Plaintiff has sufficiently stated a claim for sex discrimination. Therefore, Defendant's motion as to this claim is DENIED.

### 6.   42 U.S.C. § 18116 of the Patient Protection and Affordable Care Act

The PPACA provides, in relevant part, that "an individual shall not, on the ground prohibited under [various civil rights statutes], be excluded from participation in, be denied the benefits of, or be subjected to discrimination under, *any health*

*program or activity*, any part of which is receiving Federal financial assistance . . . .

42 U.S.C. § 18116(a)(emphasis added). While the statute applies to disability

discrimination, not every statute that addresses discrimination applies to just any

defendant. Section 1557 prohibits discrimination in a state "health program or

activity" that receives federal financial assistance. "Essentially, Section 1557

incorporates long-standing anti-discrimination laws and applies them to healthcare."

*Joganik v. E. Texas Med. Ctr.,* No. 6:19-CV-517, 2021 WL 6694455, at *6 (E.D. Tex.

Dec. 14, 2021). PRCC is a state entity that provides students with an education. While

the nursing program curriculum may be "health" related, it is not a health program

or activity, such as a hospital or other healthcare provider. The Court has found no

case law in which a claim under the Affordable Care Act survived in an educational

setting. Consequently, the Court finds that Plaintiff has failed to state claim under

the statute. The Defendant's motion as to this count is GRANTED, and Plaintiff's

claim is dismissed with prejudice.

### 7.  State-Law Tort Claims

Defendants posit that Plaintiff may be attempting to bring state law claims of

negligent and intentional infliction of emotional distress as well as defamation.   To

the extent such tort claims are being made, they are due to be dismissed for the

following reasons.

### a. Notice

It is well established that the Mississippi Tort Claims Act ("MTCA") is "the

exclusive civil remedy against a governmental entity or its employees for acts or

omissions which give rise to a suit." *Crawford v. Pike County*,   No. 3:06-cv-669, 2009 WL 10676545, at *3 (S.D. Miss. Jan. 15, 2009) (quoting *Simpson v. City of Pickens*, 761 So.2d 855, 858 (Miss. 2000)). The Court agrees with the Defendants that there is no dispute that PRCC is a governmental entity as defined by the MTCA. *See* Miss. Code Ann. § 11-46-1(g), (j). Also, there is no dispute that the Defendants in their official capacities were employees of PRCC at the time of the allegations set forth in the Complaint. [1] at pp. 10-16. Thus, the MTCA governs, and one of the requirements of the MTCA is to file a notice of claim with the chief executive office of the governmental entity at least 90 days before filing suit. *See* Miss. Code Ann. § 11-46-11(1). There must be certain details included in such notice and "substantial compliance" is mandatory under Mississippi law.

The Complaint makes no reference to the MTCA and does not allege that any conditions precedent, namely proper notice, have been satisfied prior to filing suit. Without the required notice, these state law claims cannot survive. Therefore, to the extent Plaintiff is seeking redress for torts under Mississippi law, the Defendant's motion is GRANTED, and these claims are dismissed for failure to comply with the MTCA's pre-suit notice requirements.

### b. Statute of Limitations

Because the Court finds Plaintiff's state law tort claims are governed by the MTCA, such claims are also subject to a one-year statute of limitations. *See* Miss. Code Ann. § 11-46-11(3)(a). Defendants seek dismissal on the alternative ground that Plaintiff's tort claims are time barred because the claims arise during the Fall 2019

16

semester and Plaintiff did not file his Complaint until October 25, 2021. [26] at p. 11. While the Court agrees that the statute of limitations has expired, the Court disagrees with Defendant's time analysis. Rather than simply Fall 2019, the Complaint alleges that the events giving rise to his claims occurred during the "2019-2020 school year." [1] at p. 18.[3] As such, to err on the side of caution, this could include incidents that may have occurred any time prior to the 2020-2021 school year, which would have begun in August 2020. Consequently, Plaintiff was required to bring his claims by early August 2021 at the latest. Because Plaintiff did not file his lawsuit until October 2021, his state law tort claims are time barred, and the Court dismisses them with prejudice.

### c. Defamation

Defendants also seek to dismiss Plaintiff's defamation claims. The Court finds that to the extent Plaintiff attempts to state facts that give rise to a claim for defamation, such a claim fails. First, the Defendants in their official capacities have immunity from such a claim. *See* Miss. Code Ann. § 11-46-5(2). Second, this claim is also governed by a one-year statute of limitations. *See* Miss. Code Ann. § 15-1-35. Because Plaintiff's Complaint was filed in October 2021 after the limitations period expired, the Defendant's motion is GRANTED, and any defamation claims are dismissed with prejudice.

---

[3] The Court does note that Plaintiff mentions a multitude of specific dates in Fall 2019. *See* [1] at pp. 25-32. However, the Court cannot ignore the general allegation regarding the entire school year, and thus, errs on the side of caution in interpreting Plaintiff's Complaint.

### 8.   State-Law Contract Claim

Defendants argue that Plaintiff has also attempted to bring claims for breach of contract, breach of fiduciary duty, and breach of implied covenant of good faith and fair dealing. Indeed, Plaintiff alleges that PRCC "breached, disregarded, and contradicted its own policy (Pearl River Community College Disability Services Guidebook and Procedural Standards Manual)" and further alleges that the student handbook is a contract that was breached in varied ways. [1] at pp. 24-30; 64-66. Defendants argue that Plaintiff has failed to specify any provision of the student handbook that they supposedly breached. However, Plaintiff *does* specifically cite a provision, albeit a general one, on page 65 of the Complaint, but Defendants fail to argue how this is insufficient. While more specific provisions may not have been cited, the Court finds that this kind of information is to be obtained during discovery and not a viable basis to dismiss at this stage. If there are indeed other more specific provisions that Plaintiff contends Defendants breached, Plaintiff may want to include those should he choose to amend his pleading. Defendant's motion as to the contract claims is DENIED.

### 9.   Injunctive Relief

Defendant argues that the Court should dismiss Plaintiff's request for permanent injunctive relief. Defendant contends that Plaintiff failed to state any specific facts as to how his requested injunctive relief is plausible.

> To obtain permanent injunctive relief, a plaintiff must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the

18

plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.

*ITT Educ. Servs., Inc. v. Arce*, 533 F.3d 342, 347 (5th Cir. 2008). Such relief is only available after "a full trial on the merits as occurred." *Id.* Additionally, to have standing to sue for preliminary injunctive relief, a plaintiff must:

(1) have suffered an injury-in-fact; (2) establish a causal connection between the injury-in-fact and a complained-against defendant's conduct; (3) show that it is likely, not merely speculative, that a favorable decision will redress the injury-in-fact; and (4) demonstrate either continuing harm or a real and immediate threat of repeated injury in the future.

*Funeral Consumers Alliance, Inc. v. Serv. Corp. Int'l*, 695 F.3d 330, 342 (5th Cir. 2012). Here, Plaintiff is no longer a student at PRCC, and thus, he cannot establish that there will be continued harm or repeated harm in the future. In addition, Plaintiff seeks monetary damages, and there are insufficient allegations upon which to find that such a remedy would be inadequate to compensate for any injury. Therefore, the claims for injunctive relief are not sustainable. The Defendant's motion as to the claims for such relief is GRANTED, and the claims are dismissed with prejudice.

**D. Motion to Dismiss (Individual Capacity) [CM/ECF Doc. No. 27]**

Having reviewed Defendants' arguments as to the claims against them in their individual capacities, the Court finds that some are due to be dismissed as a matter of law while others will be dismissed for pleading insufficiency. As to those that shall be dismissed as a matter of law, the Court finds as follows:

### 1.  Constitutional Violations Under 42 U.S.C. § 1983

Plaintiff sues the Defendants in their individual capacities for constitutional violations under Section 1983, and Defendants raise several different arguments, each of which will be addressed in turn.

### a.  First Amendment

Defendants argue that the Court should dismiss Plaintiff's First Amendment retaliation claims. "The First Amendment prohibits not only direct limits on individual speech but also adverse governmental action against an individual in retaliation for the exercise of protected speech activities." *McLin v. Ard*, 866 F.3d 682, 696 (5th Cir. 2017).

> To prevail on a § 1983 claim for First Amendment retaliation, [a plaintiff] must show that (1) he was engaged in a constitutionally protected activity; (2) the defendant's actions caused him to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity; and (3) the defendant's adverse actions were substantially motivated by the constitutionally protected conduct.

*Id.*

First, Defendants argue that Plaintiff did not allege the specific speech that he contends caused his dismissal from PRCC. Among other things, Plaintiff alleged that Defendants retaliated against his "whistleblowing." [1] at 3, 5. He also alleged that "after [he] disclosed his diagnoses to the nursing instructors . . . and begged the instructors to secure further assistance with axillary aides, modified education aides, and other accommodations . . . the atmosphere changed," and he "became the target of retaliation." [1] at 4. He also alleged that he "made complaints of various discriminations, harassments, bullying, ridicule, threats, attitudinal barriers,

20

failures to accommodate, being treated less favorably than non-disabled student nurses, [and] hostile educational environment . . . ," and that "[a]fter doing so, retaliatory actions . . . became severe . . . ." [1] at 7. These allegations are sufficient to provide Defendants notice of the nature of Plaintiff's alleged protected activity.

Next, Defendants argue that Plaintiff failed to include any specific facts alleging that his speech motivated the Defendants' alleged retaliatory actions. To prove causation, Plaintiff will have to demonstrate that his protected activity "was a motivating factor in" Defendants' alleged adverse actions. *Dearman v. Stone County Sch. Dist.*, 832 F.3d 577, 581 (5th Cir. 2016).

Here, Plaintiff alleged that "after [he] disclosed his diagnoses to the nursing instructors . . . and begged the instructors to secure further assistance with axillary aides, modified education aides, and other accommodations . . . [a]lmost immediately, the atmosphere changed," and he "became the target of retaliation." [1] at 4. This is sufficient to state a claim that Plaintiff's complaints were a "motivating factor" in Defendant's alleged actions. "[C]lose timing between an employee's protected activity and an adverse . . . action can be a sufficient basis for a court to find a causal connection required to make out a prima facie case of retaliation." *Cripps v. La. Dep't of Agriculture and Forestry*, 819 F.3d 221, 230 (5th Cir. 2016); *see also Mooney v. Lafayette Cnty. Sch. Dist.*, 538 Fed. App'x 447, 454 (5th Cir. 2013). Plaintiff also specifically alleged that Defendants knew about his speech, and generally alleged that their adverse actions were because of his speech. That is also sufficient to plead

causation for a First Amendment retaliation claim. *See Anderson v. Valdez*, 845 F.3d 580, 590-92 (5th Cir. 2016).

### b.   Procedural Due Process

Defendants argue that the Court must dismiss Plaintiff's procedural due process claim because his allegations "do not address the required elements of a viable procedural due process claim." However, Defendants did not specify which elements Plaintiff failed to plead, and the Court is not obligated to make Defendants' argument for them. *See RSR Corp. v. Int'l Ins. Co.*, 612 F.3d 851, 857 (5th Cir. 2010); *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991).

### c.   Substantive Due Process

Defendants argue that Plaintiff failed to plead facts suggesting that Defendants' decision to dismiss him from PRCC was arbitrary and capricious. "Public officials violate substantive due process rights if they act arbitrarily or capriciously." *Edionwe v. Bailey*, 860 F.3d 287, 293 (5th Cir. 2017). "To prove a substantive due process violation in this context, an employee must show that a public [official's] decision so lacked a basis in fact that it could be said to have been made without professional judgment." *Id*.

Plaintiff alleged that he was the "paradigm of a model student who served in academic and professional leadership, nursing leadership, student government leadership, international honor society leadership, and career and technical leadership." [1] at 3. He further alleged that his "academic excellence and integrity . . . propelled [him] to be among the best in career and technical education, with

extraordinary academic achievements." *Id.* Indeed, according to Plaintiff, he "was an inspiration for persons with disabilities, for minorities, for men . . . ," and a "paradigm of perseverance, resilience and great cultivation to rise above adversity in a system not traditionally designed for their success." [1] at 21. He "was known to have individuals of the community to have a desire to emulate him," because of his "statue [sic] in the community, reputation of excellence and leadership, and trailblazing characteristics indicative of a young man acquiring exceptionally great achievements for himself." *Id.* The Complaint contains numerous descriptions of Plaintiff's accomplishments. *Id.* at 3, 4, 7, 9, 21-24.

Considering these allegations, which the Court must accept as true in addressing the present motion, the Court finds that Plaintiff alleged sufficient facts to indicate that his dismissal from the PRCC nursing program was arbitrary and capricious.

### d.  Equal Protection

Defendants argue that Plaintiff failed to allege any specific facts as to how they each violated his right to equal protection. To state an equal protection claim, Plaintiff must allege facts demonstrating "that he received treatment different from that received by similarly situated individuals and that the unequal treatment stemmed from a discriminatory intent." *Taylor v. Johnson*, 257 F.3d 470, 473 (5th Cir. 2001). "Discriminatory purpose . . . implies that the decisionmaker singled out a particular group for disparate treatment and selected his course of action at least in part for the purpose of causing its adverse effect on an identifiable group." *Id.*

Plaintiff alleged that Defendants took numerous adverse actions against him, and he alleged that they did so because of his race and disabilities. *See, e.g.* [1] at 3-5. Plaintiff provided specific allegations concerning times that he, a black student, was treated differently than white students. [1] at 8, 42-43, 57. He also specifically alleged times that he, a disabled student, was treated differently than non-disabled students. [1] at 8, 25, 34-35, 38-39, 42-47, 49-50, 56-57. These allegations are sufficient to state a claim under the Equal Protection Clause.

### e. Other grounds

All that having been said, Defendants' final argument against the constitutional claims is the vagueness in the Complaint as to which of these Defendants violated which particular right. The Court agrees. For example, as to each of the alleged constitutional violations, Plaintiff has failed to articulate which particular defendant violated his right to free speech, due process, and equal protection and how. In that regard the motion is GRANTED, and the claims dismissed without prejudice.[4]

### 2.   Rehabilitation Act (29 U.S.C. § 794)

The Fifth Circuit has clearly established that "the Rehabilitation Act provides only for suit against a program or activity receiving federal financial assistance and therefore does not provide for individual liability." *R.S. v. Starkville Sch. Dist.*, 2013

---

[4] Should Plaintiff amend his Complaint, as addressed later herein, he should allege particular names and not simply titles or "Defendants," so that each Defendant may assert proper defenses and frame a responsive pleading.

U.S. Dist. LEXIS 134264 *29 (N.D. Miss. 2013); *Lollar v. Baker*, 196 F.3d 603, 609 (5th Cir. 1999) (citing 29 U.S.C. § 794). Additionally, individuals are not program recipients of federal financial assistance, and claims under the Rehabilitation Act against individual defendants, in their individual capacities, must be dismissed. *Lollar*, 196 F.3d at 609; *Berthelot v. Stadler*, 2000 U.S. Dist. LEXIS 15615 *10-11 (E.D. La. 2000). Because the law is clear that Plaintiff has no basis for any claim against or right of recovery from the Individual Defendants under the Rehabilitation Act, the Defendants motion is GRANTED, and the claims are dismissed with prejudice.

### 3.   42 U.S.C. § 12132 of Americans with Disabilities Act ("ADA")

Title II of the ADA states, under which Plaintiff brings his claims, states that "[n]o qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." *Molina v. Volunteers of Am.,* No. 3:17-CV-00882, 2019 WL 4169051, at *2 (N.D. Tex. Aug. 16, 2019). A public entity is defined as "[a]ny State or local government" and "[a]ny department, agency, special purpose district, or other instrumentality of a State of States of local government." 42 U.S.C. § 12132(1)(B). Accordingly, the Defendants in their individual capacities are not proper defendants under Title II of the ADA because this section of the ADA does not provide for individual liability. *Molina*, 2019 WL 4169051, at *2; *Wiley v. Thompson*, 2008 U.S. Dist. LEXIS 1578,

2008 WL 112110 *7-*8 (E.D. Tex. Jan. 9, 2008). Therefore, the Defendants motion is GRANTED, and the claims are dismissed with prejudice.

### 4.   42 U.S.C. § 2000(d)

Like Title II of the ADA, Title VI of the Civil Rights Act, specifically 42 U.S.C. § 2000(d), only permits suits against a public or private entity receiving federal funds and does not for individual liability. *Nachiappan Subbiah Muthukumar v. Kiel*, 478 Fed. Appx. 156, 159 (5th Cir. 2012); *Jackson v. Waguespack*, No. CIV.A. 01-2972, 2002 WL 31427316, at *6 (E.D. La. Oct. 25, 2002). Therefore, the Defendants motion is GRANTED, and the Title VI claims are dismissed with prejudice.

### 5. 20 U.S.C. § 1681

As to this claim, Defendants point out that neither the Fifth Circuit nor Mississippi federal courts have directly ruled on the issue of individual liability under Title IX, although most courts have held that Title IX does not allow suits against individuals. *Goins v. Hitchcock I.S.D.*, 191 F. Supp.2d. 860, 869 (S.D. Tex 2002); *see also, e.g.*, *Boulahanis v. Bd. of Regents*, 198 F.3d 633, 640 (7th Cir. 1999); *Kinman v. Omaha Pub. Sch. Dist.*, 171 F.3d 607, 611 (8th Cir. 1999); *Smith v. Metro. Sch. Dist. v. Perry Township*, 128 F.3d 1014, 1019 (7th Cir. 1997); *Lipsett v. Univ. of Puerto Ric*o, 864 F.2d 881, 901 (1st Cir. 1988); *Brooks v. Tulane Univ.*, 1996 U.S. Dist. LEXIS 18571, 1996 WL 709424, *2 (E.D. La. 1996); *Bowers v. Baylor Univ.*, 862 F. Supp. 142, 145-46 (W.D. Tex. 1994); *Garza v. Galena Park Indep. Sch. Dist.*, 914 F. Supp. 1437, 1438 (S.D. Tex. 1994); *Doe v. Petaluma City Sch. Dist.*, 830 F.

Supp. 1560, 1577 (N.D. Cal 1993); *Bougher v. Univ. of Pittsburgh*, 713 F. Supp. 139, 143 (W.D. Pa. 1989), *aff'd*, 882 F.2d 74 (3d Cir. 1989).

Having received no response from Plaintiff arguing why the Court should not rule in accordance with such decisions, the Court agrees with these Circuit Courts of Appeal and sisters courts and finds that Title IX does not allow for individual liability. Therefore, Defendants' motion is GRANTED, and these claims are dismissed with prejudice.

### 6.   42 U.S.C. § 18116 of the Patient Protection and Affordable Care Act

As explained previously, while this section of the Affordable Care Act applies to disability discrimination, it only prohibits such in any state "health program or activity" that receives federal financial assistance. The circumstances described in the Complaint do not pertain to a health program that receive federal assistance. In addition, the statute states that the enforcement mechanisms of Title VI, Title IX, the Rehabilitation Act, and the ADA likewise apply to the Affordable Care Act. *See* 42 U.S.C. § 18116. As some courts have found, a plaintiff bringing a Section 1557 claim must essentially plead a corresponding civil rights statute predicate. Joganik, 2021 WL 6694455, at *6 (E.D. Tex. Dec. 14, 2021) (citing *Tovar v. Essentia Health,* 342 F. Supp. 3d 947, 952 (D. Minn. Sept. 20, 2018)). Because Plaintiff cannot state a claim for individual liability under Title VI, Title IX, the Rehabilitation Act, or the ADA, Plaintiff cannot state such a claim under Section 1557. Therefore, the Defendants' motion is GRANTED, and these claims are dismissed with prejudice.

### 7. State Law Tort Claims

To the extent Plaintiff is asserting tort claims for negligent and intentional infliction of emotional distress and defamation, these claims are due to be dismissed for two reasons. First, as previously discussed, the Mississippi Tort Claims Act is the exclusive remedy for tort claims against a governmental entity or its employees. Miss. Code Ann. § 11-46-7. Under the MTCA, an employee of governmental entity is immune from individual liability if the employee was acting in the course and scope of his employment at the time of the alleged acts or omissions giving rise to the plaintiff's claims. *See* Miss. Code Ann. § 11-46-7(2).

The Court agrees with Defendants that Plaintiff makes no allegations that any Individual Defendant took any action outside the course and scope of their employment with PRCC, and the tort claims alleged by Plaintiff – the intentional and negligent infliction of emotional distress – are not conduct excluded from the employee immunity granted by the MTCA. *See* Miss. Code Ann. 11-46-5 (2). To the extent Plaintiff may wish to rectify this pleading deficiency through amendment, he may not. For the same reasons previously stated, these tort claims are barred by the one-year statute of limitations under the MTCA. *See* Miss. Code Ann. § 11-46-11(3)(a).

Additionally, as to any claim for defamation, a claim which is subject to personal liability for a governmental employee under the MTCA, it is also barred by the one-year statute of limitations set forth in Mississippi Code Section 15-1-35. Therefore, the Defendants' motion is GRANTED, and all state tort claims against the

Defendants in their individual capacities are dismissed with prejudice.

### 8. Contract Claims

Finally, to the extent Plaintiff seeks to hold these Defendants liable for a breach of contract in their individual capacities, such claim fails. Although Plaintiff alleges that the student handbook is a contract, it is also an institutional document. There is no allegation, nor is it likely, that any individual Defendant is a party to such a contract or can be liable for breach of such in their personal capacities. The Plaintiff seems to tacitly acknowledge such because there are no allegations as to how any individual defendant breached any particular provision of the handbook. Therefore, the Defendants' motion as to any breach of contract claim is GRANTED, and the claims are dismissed with prejudice.

### 9. Injunctive Relief

For the same reasons set forth previously herein regarding the official capacity claims, the Defendants' Motion is GRANTED, and any claims for injunctive relief against these Defendants in their individual capacities are dismissed with prejudice.

### E. Plaintiff's Motion for Leave for Additional Time to File Amended Complaint [CM/ECF Doc. No. 41]

Plaintiff filed his Complaint in October 2021. On December 29, 2021, Defendants filed their Motions to Dismiss. Pursuant to Federal Rule of Civil Procedure 15, a plaintiff may amend his/her Complaint once as a matter of course within 21 days after service of a motion under Rule 12(b), (e), or (f). *See* Fed. R. Civ.

P. 15(a)(1)(B). Thus, Plaintiff could have freely amended on or before January 19, 2022. Instead, on January 5, 2022, Plaintiff filed a Motion for Leave for Additional Time to File Amended Complaint [35] and sought to file the memorandum in support under seal [36]. The Court granted the request to seal the memorandum but denied the request for additional time without prejudice due to the uncertainty of Plaintiff's request. [37]. The memorandum was then filed under seal. [38].

On January 12, 2022, Plaintiff then renewed his request, seeking six months, or until July 11, 2022 to file his amended pleading, presumably still under his right to freely amend. [41]. As grounds for this additional time, Plaintiff relies on the argument set forth in his original memorandum [38]. As in his request to stay the proceedings, Plaintiff claims that circumstances of his physical and mental conditions are affecting his current ability to prosecute this matter. Along with his memorandum, Plaintiff submitted a letter dated November 15, 2021 from a healthcare provider [38-1].

Since the time of this request, the Court has held a hearing, issued an Order addressing Plaintiff's condition [69], and presently has denied the Motion to Stay Proceedings [*see supra* pp. 6-7]. Simply by virtue of the Court's delay in ruling on this request, Plaintiff has already had three additional months to get an Amended Complaint prepared. However, because the rulings on the Motions to Dismiss contained herein will alter the substance of any amendment, the Court will grant Plaintiff some additional time.

Because many of the claims originally pled have been dismissed, some with

prejudice, Plaintiff should be able to compile an amendment in a relatively shorter amount of time. Therefore, Plaintiff's Motion for Additional Time to File Amended Complaint is GRANTED IN PART in that Plaintiff shall have until **May 30, 2022** to file his Amended Complaint, adhering to the rulings set forth herein.[5] To the extent Plaintiff fails to timely file an amendment, the case shall proceed on the original Complaint as modified by the rulings herein.

### F.  Plaintiff's Motion to Issue Summons to Defendant Pearl River Community College [CM/ECF Doc. No. 40]

In this motion, Plaintiff notifies the Court that it complied with a prior Order and has provided the address and name of agent for service of process for the Defendant Pearl River Community College ("PRCC"). Plaintiff now seeks an Order directing the Clerk to issue a summons and the U.S. Marshal service to serve PRCC. While the Court acknowledges Plaintiff's compliance, his request will be moot if the original Complaint is amended. Therefore, the Motion is DENIED, and the action will proceed as follows:

Should Plaintiff file his Amended Complaint on or before May 31, 2022, then upon such filing, the Court will direct the Clerk to issue a summons and the U.S. Marshals to serve the summons and Amended Complaint. No further motions need to be filed. However, should Plaintiff not amend, then on June 1, 2022, the Court will direct the Clerk to issue a summons and the U.S. Marshal to serve the summons and original Complaint, as well as a copy of this Order on PRCC.

---

[5] Because this is a grant of additional time to file under Rule 15(a)(1)(B), as opposed to granting a request for leave under Rule 15(a)(2), Plaintiff need not submit a proposed Amended Complaint as required by Local Uniform Civil Rule 7(b)(2).

### G.   Plaintiff's Motion to Seal [CM/ECF Doc. No. 42]

In this motion, Plaintiff asserts that he needs to file protected health records and mental health records in support of his Complaint and other filings. However, this request is DENIED as moot. Should Plaintiff file an Amended Complaint and determine that confidential health information is necessary to be filed, Plaintiff may renew such request. However, Plaintiff should be advised that often the evidence that supports a claim does not need to be attached to a pleading. It is simply documentation that will be produced during the course of discovery and may be filed later, perhaps in support of a dispositive motion. To the extent, Plaintiff is seeking to seal the information in support of his Motion to Stay Proceedings, such request is also DENIED, as the Motion to Stay has been denied.

## III. CONCLUSION

In accordance with the foregoing, it is hereby ORDERED as follows[6]:

1. **Plaintiff's Motion to Stay Proceedings [24] is DENIED;**

2. **Plaintiff's Motion for Leave to Reply [39] is DENIED as moot;**

3. **Individual Defendant's Motion to Dismiss the Official Capacity Claims [25] is granted in part and denied in part as follows:**

   a. as to the Section 1983 Claims for Constitutional Violations—GRANTED and the claims dismissed with prejudice;

   b. as to the Rehabilitation Act Claim—DENIED;

   c. as to the Americans with Disabilities Act Claim—DENIED;

   d. as to the claim under 42 U.S.C. § 2000d—DENIED;

---

[6] Plaintiff must understand that those claims that the Court dismisses with prejudice are forever barred and may not be reasserted in any amended pleading.

e. as to the claim under 20 U.S.C. § 1681—DENIED;

f. as to the Affordable Care Act Claim—GRANTED and the claims dismissed with prejudice;

g. as to the State Law Tort Claims—GRANTED and the claims dismissed with prejudice;

h. as to the State Law Contract Claim—DENIED;

i. as to the claim for Injunctive Relief—GRANTED and the claim dismissed with prejudice;

4. **Individual Defendant's Motion to Dismiss the Individual Capacity Claims [27] is granted in part and denied in part as follows:**

a. as to the Section 1983 Claims for Constitutional Violations—GRANTED without prejudice;

b. as to the Rehabilitation Act Claim—GRANTED and the claims dismissed with prejudice;

c. as to the Americans with Disabilities Act Claim—GRANTED and the claims dismissed with prejudice;

d. as to the claim under 42 U.S.C. § 2000d—GRANTED and the claims dismissed with prejudice;

e. as to the claim under 20 U.S.C. § 1681—GRANTED and the claims dismissed with prejudice;

;

f. as to the Affordable Care Act Claim—GRANTED and the claims dismissed with prejudice;

g. as to the State Law Tort Claims—GRANTED and the claims dismissed with prejudice;

h. as to the State Law Contract Claim—GRANTED and the claims dismissed with prejudice;

i. as to the claim for Injunctive Relief—GRANTED and the claim dismissed with prejudice;

33

**5. Plaintiff's Motion for Leave for Additional Time to File Amended Complaint [41] is GRANTED in part in that Plaintiff shall have until May 30, 2022 to file an Amended Complaint;**

**6. Plaintiff's Motion to Issue Summons to Defendant PRCC [40] is DENIED without prejudice as stated herein;**

**7. Plaintiff's Motion to Seal [42] is DENIED as moot.**

SO ORDERED AND ADJUDGED this 5th day of May 2022.

/s/ Keith Starrett
KEITH STARRETT
UNITED STATES DISTRICT JUDGE